UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIONTAE LAWAYNE PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-538-HE |
| ) | |
| TOMMY LEWIS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Kiontae Lawayne Parker, proceeding pro se, filed a civil rights complaint seeking relief under 42 U.S.C. § 1983 and an Application for Leave to Proceed In Forma Pauperis ("Application"). Doc. 2. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice due to Plaintiff's failure to follow the Court's orders and rules.

**I.      Background and Discussion**

On May 22, 2025, the Court granted Plaintiff's Application and ordered him to pay an initial partial filing fee not later than June 12, 2025. Doc. 7. The Order warned that "[a]ny interference by Plaintiff in the submission of these payments may result in dismissal of this matter." *Id.* at 2.

Plaintiff failed to comply with the Court's order, and on June 18, 2025, the Court sua sponte extended the deadline for payment to July 9, 2025. Doc. 8 at 1. The Court again warned Plaintiff of the consequences of non-compliance, explaining that "[f]ailure to comply with this Order will likely result in the dismissal of this action." *Id.*; *see also*

LCvR3.2(b) (mandating payment of filing fee "or the matter may be subject to dismissal without prejudice"); LCvR3.4(a) (specifying that that failure to pay the initial partial filing fee, seek a timely extension for doing so, or show cause for failure to do so "shall be cause for dismissal of the action without prejudice to refiling").  Plaintiff, however, has again failed to comply with the Court's orders.

Staff notes on the Court's ECF docket indicate that the Clerk of Court mailed both orders to Plaintiff at his last known address.  *See* LCvR5.4 (stating that documents mailed by the Court are "deemed delivered if sent to the last known address given to the court").  The Postmaster has returned no mailed documents back to the Court as undeliverable.  In addition, the case docket indicates that Plaintiff has not paid the initial partial filing fee, attempted to show good cause for his failure to comply, or requested an extension of time to comply.

A court has the inherent authority to manage its own affairs, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962), and may dismiss an action if the Plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link*, 370 U.S. at 630-31 (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte).  Plaintiff's pro se status does not exempt him from following the rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (explaining that pro se parties must "follow the same rules of procedure that govern other litigants" (citation modified)).  A litigant's failure to comply with court orders and rules leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 631.

Plaintiff's failure to comply with the Court's orders and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

## II.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by August 13, 2025. *See id* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 23rd day of July, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE